Alexander R. Kalyniuk
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3309
Facsimile: (202) 514-6866
E-Mail: Alexander.R.Kalyniuk@usdoj.gov

*Counsel for the United States of America*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>    Plaintiff,<br><br>    v.<br><br>**GREEN'S GARAGE, INC.**,<br>1628 Fairmount Road<br>Hampstead, Maryland 21074<br><br>**JOYCE M. GREEN**, and<br>1628 Fairmount Road<br>Hampstead, Maryland 21074<br><br>**LARRY R. GREEN**,<br>1628 Fairmount Road<br>Hampstead, Maryland 21074<br><br>    Defendants. | Case No.:1:20-cv-00312 |

### COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

This is a civil action brought by Plaintiff, the United States of America, against Defendants Green's Garage, Inc., and its principals Larry R. Green and Joyce M. Green, to enjoin said Defendants from continuing their long-standing practice of failing to withhold or pay to the United States Treasury payroll taxes associated with the wages paid to employees of Green's Garage, Inc.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1340, and 1345 and 26 U.S.C. § 7402(a).

2. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Defendant Green's Garage, Inc. is located and has as its principal place of business in this District, because Defendants Larry R. Green and Joyce M. Green are domiciled in this District, and because a substantial part of the events and/or omissions giving rise to the claim for injunctive relief occurred in this District.

## PARTIES

3. Plaintiff is the United States of America (the "**United States**").

4. Defendant Green's Garage, Inc. ("**Green's Garage**"), a Maryland corporation, is a towing and car-repair business with a principal place of business located at 1628 Fairmount Road, Hampstead, Maryland 21074. During the relevant tax periods, Green's Garage, Larry R. Green, and Joyce M. Green were responsible for withholding and paying employment and unemployment taxes for its employees.

5. Defendants Larry R. Green ("**Larry Green**") and Joyce M. Green ("**Joyce Green**" and collectively with Green's Garage and Larry Green, the "**Defendants**") are the principals of Green's Garage and, upon information and belief, reside at 1628 Fairmount Road, Hampstead, Maryland 21074. Upon information and belief, Larry Green is the President of Green's Garage.

## LEGAL FRAMEWORK

6. In order to conduct its business, Green's Garage employs a staff of employees and pays wages to its employees. Accordingly, Green's Garage is required by law to:

    a. withhold its employees' federal income and Federal Insurance Contributions Act ("**FICA**") taxes, and pay over to the Internal Revenue Service ("**IRS**") those withholdings,

along with Green's Garage's own FICA and Federal Unemployment Tax Act ("**FUTA**") taxes, *see* 26 U.S.C. §§ 3102, 3111, 3301, and 3402;

      b.     make periodic deposits of the withheld federal income, Social Security, and Medicare taxes, as well as its respective share of employment taxes, in an appropriate federal depository bank in accordance with applicable Treasury Regulations, *see* 26 U.S.C. §§ 6302 and 6157; and 26 C.F.R. § 31.6302-1; and

      c.     file with the IRS its Employer's Quarterly Federal Tax Returns (Forms 941) and annual Employer's Federal Unemployment Tax Act Returns (Form 940), *see* 26 U.S.C. § 6011; 26 C.F.R. § 31.6071(a)-1.

7.     Under Section 7501(a) of the Internal Revenue Code, the federal employment taxes that Green's Garage was required to withhold, collect, and pay over to the United States during the taxable periods described below were deemed by operation of law to have been held in "a special fund in trust for the United States," and were not to be used for any other purposes, including the business operations of Green's Garage. *See* 26 U.S.C. § 7501(a).

## RELEVANT FACTUAL BACKGROUND

8.     For various tax periods from 2001 to the present, Defendants have failed to comply with their federal employment and unemployment tax obligations described in Paragraph 6 above and have engaged in an activity known as "pyramiding," whereby a business repeatedly withholds taxes from its employees' wages but fails to remit those taxes to the IRS as mandated by law, resulting in an ever-increasing unpaid tax liability.

9.     For the tax types and tax periods set forth in the table below, a delegate of the Secretary of the Treasury made the following assessments against Green's Garage, Inc., which have the following balances due, after accounting for all costs, fees, accruals, payments, credits, and abatements:

| Type of Tax | Tax Period | Date of Assessment | Amount of Assessment | Unpaid Balance as of January 13, 2020[1] |
|---|---|---|---|---|
| WT – FICA (Form 941) | 03/30/2001 | 10/25/2010 | $25,325.80 | $60,722.72 |
| WT – FICA (Form 941) | 06/30/2001 | 10/25/2010 | $24,307.76 | $61,204.03 |
| WT – FICA (Form 941) | 09/30/2001 | 10/25/2010 | $26,656.59 | $65,873.97 |
| WT – FICA (Form 941) | 12/31/2001 | 10/25/2010 | $27,567.93 | $67,153.62 |
| WT – FICA (Form 941) | 12/31/2007 | 10/04/2010 | $31,351.77 | $47,686.70 |
| WT – FICA (Form 941) | 03/30/2008 | 07/06/2009 | $30,259.88 | $28,728.73 |
| WT – FICA (Form 941) | 06/30/2008 | 11/29/2010 | $30,237.37 | $44,110.94 |
| WT – FICA (Form 941) | 09/30/2008 | 11/29/2010 | $28,928.79 | $25,431.25 |
| WT – FICA (Form 941) | 03/30/2009 | 11/29/2010 | $29,711.30 | $69,933.83 |
| WT – FICA (Form 941) | 06/30/2009 | 09/07/2009 | $32,550.80 | $9,344.33 |
| WT – FICA (Form 941) | 09/30/2009 | 05/24/2010 | $33,651.83 | $27,791.61 |
| WT – FICA (Form 941) | 12/31/2009 | 11/22/2010 | $46,586.13 | $106,563.21 |
| WT – FICA (Form 941) | 03/30/2010 | 11/01/2010 | $36,492.81 | $45,446.01 |
| WT – FICA (Form 941) | 06/30/2010 | 11/08/2010 | $41,538.50 | $1,334.61 |
| WT – FICA (Form 941) | 12/31/2011 | 03/05/2012 | $31,464.98 | $5,329.79 |
| WT – FICA (Form 941) | 06/30/2013 | 09/09/2013 | $29,662.46 | $2,795.68 |
| WT – FICA (Form 941) | 09/30/2013 | 12/30/2013 | $31,538.17 | $3,252.60 |
| WT – FICA (Form 941) | 12/31/2013 | 04/07/2014 | $30,935.60 | $2,856.25 |
| WT – FICA (Form 941) | 03/30/2014 | 07/21/2014 | $32,736.54 | $4,843.54 |
| WT – FICA (Form 941) | 06/30/2014 | 08/25/2014 | $29,949.69 | $2,188.33 |
| WT – FICA (Form 941) | 09/30/2014 | 01/05/2015 | $32,282.65 | $3,616.11 |

---

[1] This amount is inclusive of interest and penalties as of that date. The United States seeks interest and penalties accruing after that date as provided by law.

| Type of Tax | Tax Period | Date of Assessment | Amount of Assessment | Unpaid Balance as of January 13, 2020 |
|---|---|---|---|---|
| WT – FICA (Form 941) | 12/31/2014 | 04/13/2015 | $25,134.29 | $18,905.24 |
| WT – FICA (Form 941) | 06/30/2016 | 09/04/2017 | $12,022.00 | $14,088.99 |
| WT – FICA (Form 941) | 09/30/2016 | 09/11/2017 | $12,601.20 | $21,841.07 |
| WT – FICA (Form 941) | 12/31/2016 | 04/17/2017 | $13,111.42 | $19,265.49 |
| WT – FICA (Form 941) | 06/30/2017 | 09/11/2017 | $14,991.70 | $20,243.62 |
| WT – FICA (Form 941) | 12/31/2017 | 04/16/2018 | $13,168.07 | $17,514.75 |
| FUTA (Form 940) | 12/31/2001 | 11/01/2010 | $1,034.72 | $21,744.37 |
| FUTA (Form 940) | 12/31/2002 | 11/01/2010 | $921.31 | $19,711.87 |
| FUTA (Form 940) | 12/31/2007 | 11/01/2010 | $1,402.72 | $10,706.54 |
| FUTA (Form 940) | 12/31/2008 | 11/01/2010 | $1,169.72 | $18,168.50 |
| FUTA (Form 940) | 12/31/2017 | 06/04/2018 | $475.21 | $633.85 |
| | | **Total:** | **$759,769.71** | **$869,032.15** |

10. Despite notice and demand for payment of the assessments set forth in Paragraph 9, Defendant Green's Garage has neglected or refused to make full payment of those assessments to the United States.

11. As of January 13, 2020, Green's Garage is indebted to the United States for unpaid federal employment taxes in the amounts described in Paragraph 9, above, in the total amount of **$869,032.15** plus statutory interest and penalties accruing until paid according to law.

12. The IRS has been attempting to bring Green's Garage into compliance with its employment tax deposit and payment obligations for the past several years. The IRS's administrative efforts have included:

   a. making tax assessments against Green's Garage for unpaid federal employment taxes and sending notices and demands for payment;

      b.      recording notices of federal tax liens against Green's Garage with respect to those unpaid federal employment taxes;

      c.      levying upon Green's Garage's bank accounts and accounts receivables which resulted in insufficient funds to satisfy the tax liabilities;

      d.      entering into an installment agreement, to which the Defendants defaulted;

      e.      entering into an offer-in-compromise agreement, to which the Defendants defaulted; and

      f.      delivering an IRS Letter 903 and Notice 931 to Green's Garage on February 27, 2019, which placed Green's Garage, Inc. on notice that if it continued to fail to comply with its employment tax obligations, then the government would consider filing an action for an injunction compelling Green's Garage to pay its federal employment tax liabilities.

13.    Despite these collection efforts by the IRS, Green's Garage continues to incur additional liabilities with each passing quarter and has not demonstrated a willingness to comply with its obligations under the Internal Revenue Code. There is no evidence that Green's Garage, Larry Green, or Joyce Green will make the necessary effort to become compliant, absent a court order compelling them to do so.

### COUNT I: INJUNCTION AGAINST GREEN'S GARAGE, LARRY GREEN, AND JOYCE GREEN PURSUANT TO 26 U.S.C. § 7402(A)

14.    The United States re-incorporates the allegations stated in Paragraphs 1 through 13 as if fully set forth herein.

15.    Under 26 U.S.C. § 7402(a), this Court may issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws.

16.    Defendants Green's Garage, Larry Green, and Joyce Green have substantially interfered, and continue to substantially interfere, with the internal revenue laws by persistently failing

to: (a) comply with Green's Garage's employment tax obligations as required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402; and (b) make employment tax deposits as required by 26 U.S.C. §§ 6302, 6157 and 26 C.F.R. §§ 31.6302-1, 31-6302(c)-1, 3.

17. The IRS has attempted to use administrative means to obtain Green's Garage's compliance with its employment tax obligations and to collect unpaid employment taxes owed by Green's Garage. However, those administrative efforts have been unsuccessful.

18. Despite having been made aware of their tax obligations, the Defendants have continued to disregard those obligations and to accrue more unpaid employment tax liabilities.

19. A mandatory injunction by this Court ordering the Defendants to comply with their federal employment tax obligations is necessary and appropriate for the enforcement of the internal revenue laws and to prevent future, continued violations, as the Defendants continue to flout the federal tax laws and accrue additional unpaid federal employment tax liabilities.

20. Absent court intervention, the United States lacks an adequate legal remedy to prevent Defendants Green's Garage, Larry Green, and Joyce Green from continuing to evade Green's Garage's employment tax obligations. An injunction against Defendants Green's Garage, Larry Green, and Joyce Green is appropriate and necessary to prevent those Defendants from continuing to interfere with the internal revenue laws.

21. The United States has suffered, and is continuing to suffer, irreparable harm as a result of Defendants Green's Garage's, Larry Green's, and Joyce Green's continued violation of federal law, including but not limited to:

    a. the loss of tax revenue, including the loss of Green's Garage's employees' FICA and income taxes for which the employees already have received credit;

    b. the drain on limited IRS resources caused by the Defendants' continued noncompliance with the law; and

   c. the harm to the tax system as a whole by undermining public confidence in the federal tax system and encouraging widespread violation of the internal revenue laws.

22. The balance of the hardships tips in favor of the United States as the United States' injuries outweigh the harm to the Defendants if an injunction is entered against them, as the Defendants will merely be compelled to comply with federal law by making timely employment tax deposits.

23. An injunction against the Defendants Green's Garage, Larry Green, and Joyce Green would serve the public interest. The efficacy of the federal tax system relies on employers to comply voluntarily with federal tax laws, by collecting and remitting to the United States Treasury, in a timely manner, all taxes due, without the need for the IRS to initiate enforcement actions. Defendants Green's Garage, Larry Green, and Joyce Green continued failure to pay employment taxes undermines this vital component of the federal tax collection system. Additionally, by unlawfully using for Green's Garage's own business and operating expenses the tax money that should be paid over to the United States Treasury, Green's Garage, Larry Green, and Joyce Green exact an involuntary subsidy from the United States taxpaying public. An injunction would end this inefficient and wasteful use of taxpayer money.

24. In the absence of an injunction, the Defendants are likely to continue to obstruct and interfere with the enforcement of the internal revenue laws to the detriment of the United States.

[*Remainder of Page Left Intentionally Blank*]

## **PRAYER FOR RELIEF**

**WHEREFORE**, the United States respectfully requests that the Court:

A.  Find that Green's Garage, Inc., Larry Green, and Joyce Green have engaged and are engaging in conduct that interferes with the administration and enforcement of the internal revenue laws;

B.  Find that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is necessary and appropriate to prevent Green's Garage, Inc., Larry Green, and Joyce Green from interfering with the enforcement of the internal revenue laws;

C.  Enter an injunction, pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the Court's inherent equity powers, ordering that:

   1. Green's Garage, Inc., Larry Green, and Joyce Green shall cause Green's Garage, Inc. and any successor entity that they control, to withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA and Medicare taxes;

   2. Green's Garage, Inc. shall, and Larry Green and Joyce Green shall cause Green's Garage, Inc. and any other employer entity that they control to, timely deposit withheld income, FICA, and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

   3. Green's Garage, Inc. shall, and Larry Green and Joyce Green shall cause Green's Garage, Inc. and any other employer entity that they control to, timely deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with federal deposit regulations;

4. Larry Green or Joyce Green shall sign and deliver to a designated IRS revenue officer, Leslie Handler at 201 Thomas Johnson Drive, Frederick, Maryland, 21702, or to such specific location as the IRS may deem appropriate, on the first day of each month, an affidavit stating that the required federal income taxes, FICA and Medicare taxes, and FUTA taxes were fully and timely deposited for each pay period during the prior month;

5. Green's Garage, Inc. shall, and Larry Green and Joyce Green shall cause Green's Garage, Inc. and any other employer entity that they control to, timely file Form 941 employment tax returns and Form 940 unemployment tax returns that come due after the date of the injunction, and Larry Green or Joyce Green shall provide a copy of each filed return to a designated IRS revenue officer, Leslie Handler at 201 Thomas Johnson Drive, Frederick, Maryland, 21702, or in such manner as the IRS deems appropriate, within five days of filing;

6. Green's Garage, Inc. shall, and Larry Green and Joyce Green shall cause Green's Garage, Inc. and any other employer entity that they control to, timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

7. Green's Garage, Inc., Larry Green, and Joyce Green are enjoined from paying other creditors of Green's Garage, Inc. or from transferring, disbursing, or assigning any money, property, or assets of Green's Garage, Inc. after the date of the injunction order until after such time as the required deposits described in Paragraphs C-1 and C-2, and any liabilities described in Paragraph C-6, have been paid in full, for any tax period ending after the injunction is issued;

8. Green's Garage, Inc., Larry Green, and Joyce Green are enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of Green's Garage, Inc.'s employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

9. Green's Garage, Inc., Larry Green, and Joyce Green shall permit a representative from the Internal Revenue Service to inspect Green's Garage, Inc.'s books and records periodically, with two business days' notice of each inspection;

10. For the five-year period beginning on the date this injunction order is entered, Larry Green or Joyce Green shall notify, in writing, such revenue officer, Leslie Handler at 201 Thomas Johnson Drive, Frederick, Maryland, 21702, or to such specific person the IRS designates, if Larry Green or Joyce Green comes to form, incorporate, own, or work in a managerial capacity for another business entity, within five business days of such event. Regardless of such notification, the preceding Subparagraphs of this Paragraph C shall apply to any employer entity controlled by Larry Green or Joyce Green.

D. Require Green's Garage, Inc., Larry Green, and Joyce Green to deliver to all of their current employees a copy of the Court's findings and injunction, within 30 days of the date of the injunction order;

E. Retain jurisdiction over this case to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance;

F. Order that, if Green's Garage, Inc., Larry Green, or Joyce Green violate any term of this injunction, then counsel for the United States shall send said Defendants written notice of the violation, and said Defendants shall have 10 days after notification is sent to cure the violation;

1.    A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to the designated IRS revenue officer, Leslie Handler at 201 Thomas Johnson Drive, Frederick, Maryland, 21702.

2.    If counsel for the United States has sent the Defendants three separate written notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation.

3.    If any violation is not cured within ten days of notification or if, after the third notification followed by cures, the United States becomes aware of a new violation by Green's Garage, Inc., Larry Green, or Joyce Green, then the United States shall be entitled to file with this Court a motion for an Order to Show Cause why Green's Garage, Inc., Larry Green, or Joyce Green should not be held in contempt of this injunction and why Green's Garage, Inc. should not be ordered to cease doing business immediately and why Larry Green or Joyce Green should not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment taxes or for filing employment tax returns.

G.    Granting the United States such other and further relief as the Court deems just and proper, including costs and attorneys' fees.

[*Signature Block on Next Page*]

DATED: February 6, 2020  **RICHARD E. ZUCKERMAN**
Principal Deputy Assistant Attorney General

/s/ *Alexander R. Kalyniuk*
Alexander R. Kalyniuk
Virginia State Bar Number: 92325
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3309
Facsimile: (202) 514-6866
E-Mail: Alexander.R.Kalyniuk@usdoj.gov

*Counsel for the United States of America*