**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **GREEN'S GARAGE, INC.**, *et al.*, <br><br> Defendants. | Case Number: 1:20-cv-00312-CCB |

## JUDGMENT AND ORDER OF PERMANENT INJUNCTION

Having considered the United States' motion for a default judgment, any opposition thereto, and the entire record of this proceeding and for good cause shown, the Court makes the following findings of fact and conclusions of law and enters this permanent injunction, pursuant to Federal Rules of Civil Procedure 52 and 65, and 26 U.S.C. § 7402(a).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This court has jurisdiction over the subject matter of this action and each defendant pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

3. Defendants Green's Garage, Inc. and its owner-operators, Larry Green and Joyce Green, have failed to answer or otherwise defend against this action. The Clerk of Court properly entered the default of all defendants on March 12, 2020 at Docket Entry 7.

4. Under 26 U.S.C. § 7402(a), this Court may issue any injunction necessary or appropriate for enforcement of the internal revenue laws. *See United States v. Ernst & Whinney*, 735 F.2d 1296, 1300–01 (11th Cir. 1984), *cert. denied*, 470 U.S. 1050 (1985).

5.      Green's Garage, Inc., as an employer, is required to withhold federal income and Federal Insurance Contributions Act (FICA) taxes from its employees' wages, and to pay over those withholdings, along with the employer's share of its FICA and Federal Unemployment Tax Act (FUTA) taxes, to the Internal Revenue Service. 26 U.S.C. §§ 3102, 3111, 3301, and 3402.

6.      Green's Garage, Inc., as an employer, is also required to timely file Employer's Quarterly Federal Tax Returns (IRS Forms 941) within thirty days of the end of each taxable quarter, and to file Employer's Annual Federal Unemployment (FUTA) Tax Returns (IRS Forms 940), with the Internal Revenue Service before January 31st following the end of each taxable year. 26 U.S.C. § 6011; Treas. Reg. § 31.6701(a)-1.

7.      Green's Garage, Inc., Larry Green, and Joyce Green are substantially interfering with the administration of the internal revenue laws by failing to fully pay Green's Garage, Inc.'s federal employment and unemployment tax liabilities, and for failing to make federal tax deposits to the IRS for various taxable quarters between 2001 and 2020. For example, between the first through fourth taxable quarters of 2001, the fourth quarter of 2007, the first through fourth quarters of 2008 and 2009, and the first and second quarters of 2010, Green's Garage failed to make its federal employment tax deposits with the IRS. Further, in 2007, 2008, and 2017, Green's Garage, Inc. failed to make its federal unemployment tax deposits with the Internal Revenue Service. While Green's Garage, Inc. has made some of its federal employment and unemployment tax deposit obligations between 2001 and 2020, its general pattern of noncompliance has continued on-and-off over the course of two decades. The unpaid balance of Green's Garage, Inc.'s employment and unemployment tax liabilities (including accrued penalties and interest as of June 22, 2020) is $968,614.74.

8.    Green's Garage, Inc., Larry Green, and Joyce Green have failed to file Green's Garage, Inc.'s Employer's Quarterly Federal Tax Returns (Form 941) with the Internal Revenue Service for the end of the first quarter of 2019 through the end of the second quarter of 2020, and they have also failed to file its Employer's Annual Federal Unemployment Tax Return (Form 940) with the Internal Revenue Service for tax years 2018 and 2019. Due to these failures to file required tax forms, Green's Garage, Inc. may owe additional amounts of federal tax in addition to the amounts described above in Paragraph 7.

9.    The Internal Revenue Service has expended significant resources in its attempts to bring Larry Green and Joyce Green and their company, Green's Garage, Inc., into compliance with the internal revenue laws.  The Internal Revenue Service's administrative remedies have included: (a) assessing taxes against Green's Garage, Inc. and sending notices demanding payment; (b) filing and recording notices of federal tax lien against Green's Garage, Inc.; (c) attempting to levy upon Green's Garage, Inc.'s bank accounts and accounts receivables which resulted in the Internal Revenue Service receiving insufficient funds to satisfy the tax liabilities; (d) entering into an installment agreement with Green's Garage, Inc., to which it defaulted; (e) entering into an offer-in-compromise with Green's Garage, Inc., to which it defaulted; and (f) by delivering a IRS letter 903, which warned Green's Garage, Inc. of the United States' right to seek a civil injunction to compel the taxpayers to make Green's Garage, Inc.'s federal tax deposits.

10.    Based on a recent-activity search conducted on September 25, 2020 by the IRS, Green's Garage appears to still be in business.

11.    Absent an injunction, Green's Garage, Inc., Larry Green, and Joyce Green are likely to continue their pattern of interference with the internal revenue laws that has already led to the

nonpayment of over $968,000 in outstanding tax liabilities.  An injunction compelling compliance with federal tax withholding laws is necessary in this case.

12. Green's Garage, Inc., Larry Green, and Joyce Green, have continuously and repeatedly failed to timely withhold, collect, and makes deposits of the federal employment and unemployment taxes owed by Green's Garage, Inc. A permanent injunction is therefore necessary to prevent future violations of the law.

13. Although it is not necessary to satisfy the traditional equitable standard for an injunction pursuant to IRC § 7402(a), enjoining the conduct of the defendants is nevertheless appropriate under 26 U.S.C. § 7402(a) when the traditional equitable factors are considered because:

> A. The United States has suffered an irreparable injury because it has been deprived of its lawful tax revenues in the amount of over $968,000 as set forth above. In the absence of an injunction, the United States will continue to suffer irreparable injury because Green's Garage, Inc., Larry Green, and Joyce Green will continue to disregard their obligations to pay the IRS the lawful tax revenues due to the government.
>
> B. The remedies available at law are inadequate to compensate for the injuries described above.  The United States lacks an adequate remedy at law to coerce the Defendants to comply with the internal revenue laws, as evidenced by their repeated and continuous failure to pay over Green's Garage, Inc.'s withheld federal employment taxes along with its share of FICA and FUTA taxes to the Internal Revenue Service.
>
> C. The balance of hardships that would result from the issuance of an injunction weigh heavily in favor of the United States. If Green's Garage, Inc. is not compelled to obey the federal tax laws, the government will experience irreparable harm in the form of permanent

loss of tax revenue and the expenditure of already-scarce government resources. On the other hand, Green's Garage, Inc., Larry Green, and Joyce Green will not be harmed by the issuance of an injunction because they will merely be required to obey the same laws as every similarly-situated employer.

D.    Finally, the public interest is served by enjoining the defendants from further draining the federal coffers and interfering with the enforcement of the internal revenue laws. In addition to compelling the defendants to comply with the law, Green's Garage, Inc.'s failure to collect and remit its federal employment and unemployment taxes, including the income, social security, and Medicare taxes withheld from the wages of its employees, undermines the federal system of taxation by reducing federal tax revenues, and provides Green's Garage, Inc. an unfair economic advantage over its competitors.

[*Remainder of Page Left Intentionally Blank*]

## **PERMANENT INJUNCTION**

**IT IS ORDERED** that a permanent injunction is hereby issued against defendants Green's Garage, Inc., Larry Green, and Joyce Green pursuant to 26 U.S.C. § 7402(a) and Federal Rules of Civil Procedure 55(b)(2) and 65, and in favor of the United States of America, to prevent the defendant Green's Garage, Inc. from accruing, or "pyramiding," unpaid employment and unemployment tax liabilities.

**IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

1. The entry of the permanent injunction described herein is necessary and appropriate for the enforcement of the internal revenue laws.

2. Green's Garage, Inc., under the direction of Larry Green and Joyce Green, has engaged, and is engaging in conduct that interferes with the enforcement of the internal revenue laws and injunctive relief under 26 U.S.C. § 7402(a) is appropriate to stop this conduct; a permanent injunction is hereby entered prohibiting Green's Garage, Inc., Larry Green, and Joyce Green, and their agents, representatives, employees, accountants, attorneys, successors in interest and assigns, and all other people in active concert or participation with them, from failing to withhold and pay over to the Internal Revenue Service all employment and unemployment taxes as required by law;

3. Pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the Court's inherent equity powers, the defendants, Green's Garage, Inc., Larry Green, and Joyce Green, are **ENJOINED** from the date of the entry of this order, such that they shall:

   A. Cause Green's Garage, Inc. and any successor entity that they control, to withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA and Medicare taxes;

B. Cause Green's Garage, Inc. and any other employer entity that they control to, timely deposit withheld income, FICA, and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

C. Cause Green's Garage, Inc. and any other employer entity that they control to, timely deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with federal deposit regulations;

D. Sign and deliver to a designated IRS revenue officer, Leslie Handler at 201 Thomas Johnson Drive, Frederick, Maryland 21702, or to such specific location as the IRS may deem appropriate, on the first day of each month, an affidavit stating that the required federal income taxes, FICA and Medicare taxes, and FUTA taxes were fully and timely deposited for each pay period during the prior month;

E. Cause Green's Garage, Inc. and any other employer entity that they control to, timely file the Employer's Quarterly Federal Tax Returns (Form 941) and its Employer's Annual Federal Unemployment Tax Return (Form 940) that come due after the date of the injunction, and Larry Green and/or Joyce Green shall provide a copy of each filed return to a designated IRS revenue officer, Leslie Handler at 201 Thomas Johnson Drive, Frederick, Maryland 21702, or in such manner as the IRS deems appropriate, within five days of filing;

F. Cause Green's Garage, Inc. and any other employer entity that they control to, timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

Case 1:20-cv-00312-CCB   Document 14-3   Filed 10/05/20   Page 7 of 10

G. Permit a representative from the Internal Revenue Service to inspect Green's Garage, Inc.'s books and records periodically, with two business days' notice of each inspection; and

H. Notify, in writing, such revenue officer, Leslie Handler at 201 Thomas Johnson Drive, Frederick, Maryland 21702, or to such specific person the IRS designates, if Larry Green and/or Joyce Green comes to form, incorporate, own, or work in a managerial capacity for another business entity, within five business days of such event. Regardless of such notification, the preceding Subparagraphs of this Paragraph 3 shall apply to any employer entity controlled by Larry Green and/or Joyce Green.

I. For the avoidance of doubt, the preceding Subparagraphs of this Paragraph 3 do not apply to the employer's share of social security taxes during the pendency of the deferral period described in Section 2302 of the Coronavirus, Aid, Relief and Economic Security Act, 116 P.L. 136, 2020 Enacted H.R. 748, 116 Enacted H.R. 748 (the "**CARES Act**"); provided, however, that the preceding Subparagraphs of this Paragraph 3 shall apply in full force and effect to the employer's share of social security taxes after the expiration of the deferral period described in Section 2302 of the CARES Act beginning on January 1, 2021.

J. For the avoidance of doubt, the preceding Subparagraphs of this Paragraph 3 do not apply to the employee's share of social security taxes during the pendency of the deferral period described in the August 8, 2020 Presidential Memorandum titled *Deferring Payroll Tax Obligations in Light of the Ongoing COVID-19 Disaster*; provided, however, that the preceding Subparagraphs of this Paragraph 3 shall apply in full force and effect to the employee's share of social security taxes after the expiration of the deferral period

described in the August 8, 2020 Presidential Memorandum titled *Deferring Payroll Tax Obligations in Light of the Ongoing COVID-19 Disaster* beginning on January 1, 2021.

4. Green's Garage, Inc., Larry Green, and Joyce Green are further enjoined from paying other creditors of Green's Garage, Inc. or from transferring, disbursing, or assigning any money, property, or assets of Green's Garage, Inc. after the date of the injunction order until after such time as the required deposits described in Paragraphs 3-A and 3-B, and any liabilities described in Paragraph 3-F, have been paid in full, for any tax period ending after the injunction is issued;

5. Green's Garage, Inc., Larry Green, and Joyce Green are further enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of Green's Garage, Inc.'s employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

6. Green's Garage, Inc., Larry Green, and Joyce Green must deliver to all of their current employees a copy of the Court's injunction order, within 30 days of the date of entry of the injunction order.

7. This Court retains jurisdiction over this case to ensure compliance with this injunction.

8. The United States is authorized to conduct civil discovery under the Federal Rules of Civil procedure to monitor the defendants' compliance with this injunction.

9. If Green's Garage, Inc., Larry Green, and/or Joyce Green violate any term of this injunction, then counsel for the United States shall send the defendants written notice of the violation, and the defendants shall have 10 days after notification is sent to cure the violation;

A.	A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to the designated IRS revenue officer, Leslie Handler at 201 Thomas Johnson Drive, Frederick, Maryland 21702.

B.	If counsel for the United States has sent the defendants three separate written notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation.

C.	If any violation is not cured within ten days of notification or if, after the third notification followed by cures, the United States becomes aware of a new violation by Green's Garage, Inc., Larry Green, and/or Joyce Green, then the United States shall be entitled to file with this Court a motion for an Order to Show Cause why Green's Garage, Inc., Larry Green, and Joyce Green not be held in contempt of this injunction and why Green's Garage, Inc. should not be ordered to cease doing business immediately and why Larry Green and/or Joyce Green should not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment taxes or for filing employment tax returns.

10.	The parties shall bear their respective attorney's fees and costs.

It is so ordered this 20th day of October, 2020.

        /S/
**HON. CATHERINE C. BLAKE**
**U.S. DISTRICT JUDGE**